**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THALLISON VITOR SILVA DE SOUZA,** | |
| Petitioner, | |
| v. | **Civil Action No. 1:26-cv-12947-ADB** |
| **ANTONE MONIZ, et al.,** | |
| Respondents. | |

### PETITIONER'S MOTION TO EXPEDITE CONSIDERATION OF MOTION TO ENFORCE JUDGMENT

Petitioner Thallison Vitor Silva De Souza respectfully moves to expedite the Court's consideration of his contemporaneously filed Motion to Enforce Order. Petitioner's final hearing in his removal proceedings, his individual merits hearing, is scheduled for August 28, 2026. Petitioner remains detained in the interim on the basis of a bond order that, as his Motion to Enforce demonstrates, does not comply with this Court's July 7, 2026 judgment (ECF No. 8) or the Fifth Amendment. Petitioner respectfully asks that the Court resolve the Motion to Enforce before that hearing. In support, Petitioner states:

1. On July 7, 2026, this Court granted Petitioner's petition for a writ of habeas corpus, held that his detention was unlawful, and ordered Respondents to provide him a bond hearing under 8 U.S.C. § 1226(a). ECF No. 8. Respondents held a hearing, but on July 20, 2026 the Immigration Judge denied bond, and Petitioner remains detained at the Plymouth County Correctional Facility. As set forth in the Motion to Enforce, that hearing did not comply with this Court's Order or due process.

2. Petitioner's individual merits hearing, the final hearing in his removal proceedings, is set for August 28, 2026.

3. Two consequences of that hearing make the expedition appropriate. First, absent prompt relief, Petitioner will remain in custody through his final hearing on the basis of a detention that rests on an unlawful premise. That continued confinement is an ongoing deprivation of "the most elemental of liberty interests," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) and it will hinder his ability to prepare for and meaningfully participate in the hearing that will decide his removal. Each additional day of unlawful detention is itself an irreparable injury. *See Vargas v. Warden*, No. 26-cv-11740-AK, 2026 WL 1453510, at *4–5 (D. Mass. May 22, 2026).

4. Second, the intervening merits hearing could alter Petitioner's procedural posture, including the statutory framework governing his detention, in ways that may, at a minimum, complicate the relief he now seeks. Resolving the Motion to Enforce before August 28, 2026 will avoid that complication.

5. Expedition will not prejudice Respondents. Petitioner asks only for prompt consideration of a fully briefed motion and does not seek to curtail Respondents' opportunity to be heard; the Court may set any expedited briefing schedule it deems appropriate to permit resolution before August 28, 2026.

**WHEREFORE,** Petitioner respectfully requests that the Court: (a) grant this motion to expedite; (b) consider and resolve his Motion to Enforce Judgment in advance of his August 28,

2026 merits hearing; (c) to the extent the Court requires further briefing, order Respondents to respond on an expedited schedule; and (d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Counsel for Petitioner,

*/s/ Gabriela J. Cerretani*

Gabriela J. Cerretani                    Dated: August 12, 2026
BBO # 706130
George Cote Law
235 Marginal Street
Chelsea, MA 02150
gcerretani@georgescotelaw.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Undersigned counsel certifies that she has conferred with counsel for Respondents. Respondents oppose the relief requested in this motion.

*/s/ Gabriela  Cerretani*

Gabriela J. Cerretani                    Dated: 8/12/26

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Gabriela  Cerretani*

Gabriela J. Cerretani                    Dated: 8/12/26